PEOPLE V VERSLUYS, No. 151496; Court of Appeals No. 326195. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we remand this case to the Kent Circuit Court to determine whether the court would have imposed a materially different sentence under the sentencing procedure described in *People v Lockridge*, 498 Mich 358 (2015). On remand, the trial court shall follow the procedure described in Part VI of our opinion. If the trial court determines that it would have imposed the same sentence absent the unconstitutional constraint on its discretion, it may reaffirm the original sentence. If, however, the trial court determines that it would not have imposed the same sentence absent the unconstitutional constraint on its discretion, it shall resentence the defendant. In all other respects, leave to appeal is denied, because we are not persuaded that the remaining question presented should be reviewed by this Court. We do not retain jurisdiction.

PEOPLE V CORRION, No. 151730; Court of Appeals No. 326196. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we remand this case to the Chippewa Circuit Court to determine whether the court would have imposed a materially different sentence under the sentencing procedure described in *People v Lockridge*, 498 Mich 358 (2015). On remand, the trial court shall follow the procedure described in Part VI of our opinion. If the trial court determines that it would have imposed the same sentence absent the unconstitutional constraint on its discretion, it may reaffirm the original sentence. If, however, the trial court determines that it would not have imposed the same sentence absent the unconstitutional constraint on its discretion, it shall resentence the defendant. In all other respects, leave to appeal is denied, because we are not persuaded that the remaining questions presented should be reviewed by this Court. We do not retain jurisdiction.

PEOPLE V DARRELL CARTER, No. 151731; Court of Appeals No. 326700. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we remand this case to the St. Clair Circuit Court to determine whether the court would have imposed a materially different sentence under the sentencing procedure described in *People v Lockridge*, 498 Mich 358 (2015). On remand, the trial court shall follow the procedure described in Part VI of our opinion. If the trial court determines that it would have imposed the same sentence absent the unconstitutional constraint on its discretion, it may reaffirm the original sentence. If, however, the trial court determines that it would not have imposed the same sentence absent the unconstitutional constraint on its discretion, it shall resentence the defendant. We do not retain jurisdiction.

PEOPLE V REYNALDO LOPEZ, No. 151814; Court of Appeals No. 326339. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we remand this case to the Kent Circuit Court to determine whether the court would have imposed a materially different sentence under the sentencing procedure described in *People v Lockridge*, 498 Mich 358 (2015). On remand, the trial court shall follow the procedure described in Part VI of our opinion. If the trial court determines that it would have imposed the same sentence absent the unconstitutional constraint on its discretion, it may reaffirm the original sentence. If,

however, the trial court determines that it would not have imposed the same sentence absent the unconstitutional constraint on its discretion, it shall resentence the defendant. In all other respects, leave to appeal is denied because we are not persuaded that the remaining questions presented should be reviewed by this Court. We do not retain jurisdiction.

PEOPLE V VALLEJO, No. 151827; Court of Appeals No. 326182. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we remand this case to the Ingham Circuit Court to determine whether the court would have imposed a materially different sentence under the sentencing procedure described in *People v Lockridge,* 498 Mich 358 (2015). On remand, the trial court shall follow the procedure described in Part VI of our opinion. If the trial court determines that it would have imposed the same sentence absent the unconstitutional constraint on its discretion, it may reaffirm the original sentence. If, however, the trial court determines that it would not have imposed the same sentence absent the unconstitutional constraint on its discretion, it shall resentence the defendant. In all other respects, leave to appeal is denied, because we are not persuaded that the remaining question presented should be reviewed by this Court. We do not retain jurisdiction.

PEOPLE V NACCARATO, No. 152137; Court of Appeals No. 320571. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we remand this case to the Wayne Circuit Court. The Court of Appeals, in the course of issuing two opinions in this case, correctly held that Offense Variables 1 and 2 should have been scored at 20 points and 15 points, respectively, and that the circuit court erred by failing to do so. On remand, the circuit court shall determine whether it would have imposed a materially different sentence under the sentencing procedure described in *People v Lockridge,* 498 Mich 358 (2015), upon correction of the error in scoring the offense variables. If the trial court determines that it would have imposed the same sentence absent the scoring error, it may reaffirm the original sentence, stating its reason for departing from the guidelines on the record. If, however, the trial court determines that it would not have imposed the same sentence, it shall resentence the defendant.

*Leave to Appeal Denied November 24, 2015:*

PEOPLE V MCCRAY, No. 150345; Court of Appeals No. 322985.

PEOPLE V LYNDS, No. 150540; Court of Appeals No. 323751.

PEOPLE V HUSSAIN, No. 150802; Court of Appeals No. 323758.

PEOPLE V JAMES THOMAS, No. 150855; Court of Appeals No. 323572.

PEOPLE V DOUGLAS BARNES, No. 150863; Court of Appeals No. 324523.